## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 16 2019, 7:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anthony S. Churchward
ANTHONY S. CHURCHWARD, P.C.
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kyle S. Skelton,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | January 16, 2019<br><br>Court of Appeals Case No.<br>18A-CR-2036<br><br>Appeal from the Allen Superior Court<br><br>The Honorable Frances C. Gull, Judge<br><br>Trial Court Cause Nos.<br>02D04-1708-F6-972<br>02D05-1802-F6-124 |

**Bailey, Judge.**

# Case Summary

Kyle S. Skelton ("Skelton") argues that he received inappropriate sentences upon two counts of Unlawful Possession of a Syringe, Level 6 felonies,[1] and one count of Possession of Paraphernalia, as a Class C misdemeanor,[2] because no portion was suspended to probation.

We affirm.

# Facts and Procedural History

In August 2017, the State charged Skelton with Unlawful Possession of a Syringe, a Level 6 felony, and Possession of Paraphernalia, as a Class C misdemeanor. These charges were filed under cause number 02D04-1708-F6-000972 ("F6-972"). While Skelton was released on conditions, he was charged with a new offense: Unlawful Possession of a Syringe, a Level 6 felony. This charge was filed under cause number 02D05-1802-F6-000124 ("F6-124").

On February 12, 2018, the trial court held a hearing at which Skelton pleaded guilty to all three offenses, and agreed to participate in the Allen County Drug Court Program. The trial court took Skelton's guilty pleas under advisement and placed him in the program. Thereafter, the State petitioned to terminate Skelton's participation, alleging that Skelton had violated the terms of the

---

[1] Ind. Code § 16-42-19-18.

[2] I.C. § 35-48-4-8.3.

program by being unsuccessfully discharged from transitional housing on two occasions. At a hearing in July 2018, Skelton admitted to the allegations in the petition. The trial court then revoked Skelton's participation. The trial court set the matter for a sentencing hearing, which it held on July 31, 2018. With respect to the count in the F6-124 cause, the court imposed a sentence of one year in the Indiana Department of Correction. As to the counts in the F6-972 cause, the trial court imposed concurrent sentences of one year on the Level 6 felony and sixty days on the Class C misdemeanor, to be served in the Indiana Department of Correction, consecutive to the sentence in the F6-124 cause.

[5] Skelton filed a Notice of Appeal in each cause, and we granted Skelton's motion to consolidate the appeals.

# Discussion and Decision

[6] Pursuant to Article 7 of the Indiana Constitution, as implemented through Indiana Appellate Rule 7(B), appellate courts have the authority to revise any criminal sentence that "is inappropriate in light of the nature of the offense and the character of the offender." In revising sentences, our principal role is to "leaven the outliers," *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008), and we reserve appellate revision "for exceptional cases." *Livingston v. State*, No. 18S-CR-623, slip op. at 4 (Ind. Dec. 28, 2018). "[T]he place where a sentence is to be served is . . . an appropriate focus for our review under 7(B)." *Id.*

[7]     Skelton does not appear to challenge the aggregate length of his sentence—two years—which was the aggregate sentence length Skelton requested during his hearing. Skelton instead "requests that this Court modify his sentence by suspending a portion thereof and placing him on probation." Br. of Appellant at 16. We nevertheless note that Skelton received the advisory sentence of one year for each Level 6 felony, *see* I.C. § 35-50-2-7, and he received the advisory sentence of sixty days for the Class C misdemeanor, *see* I.C. § 35-50-3-4. Moreover, because Skelton committed the offense under F6-124 while on pre-trial release, the trial court was obligated—under Indiana Code Section 35-50-1-2(e)—to order consecutive sentences between the causes. It so ordered.

[8]     In discussing his offenses, Skelton acknowledges that his first offenses arose after an overdose and that the latter offense arose after officers found him unconscious in a vehicle. Skelton minimizes the nature of these offenses, arguing that he endangered only himself. As to his character, Skelton directs us to his struggles with substance abuse, noting that his adult criminal history consists of eleven misdemeanor convictions that all relate to the use of alcohol or drugs. In support of his character, Skelton also argues that he accepted responsibility and pleaded guilty without a plea agreement. According to Skelton, he "received only the benefit of the Drug Court Treatment Program," Br. of Appellant at 16, and should have received a partially suspended sentence.

[9]     Yet, in his prior interactions with the criminal justice system, Skelton had been afforded leniency. Indeed, the trial court observed that Skelton had received "short jail sentences, longer jail sentences, unsupervised probation, services at

Criminal Division Services, services at Allen County Community Corrections, and then the Drug Court program," but that Skelton continued to reoffend. Tr. Vol. II at 81. The trial court remarked that Skelton is a "really intelligent man" who knows what he must do but "continue[s] to make the wrong choices." *Id.* The court also observed that, after one unsuccessful discharge from transitional housing, there had been a petition to revoke Skelton's participation. Skelton admitted to the allegation, and the court took the petition under advisement. Yet, twelve days later, Skelton was again unsuccessfully discharged. The court remarked that Skelton's non-compliance "look[ed] willful on [his] part." *Id.*

[10] Skelton has not persuaded us that he received an inappropriate sentence.

[11] Affirmed.

Bradford, J., and Brown, J., concur.